## J. D. CLICK V. J. STEWART AND OTHERS.

On January 24th, 1871, a landlord sued out a distress-warrant against his tenants for rent due for the year 1870, and had the warrant levied on certain corn, cotton, and other articles found on the rented premises, and belonging to the tenants. Prior to the issuance of the distress-warrant, judgment creditors of the tenants had caused the same property to be levied upon by their executions. To prevent a sale under the executions, the landlord sued out injunction against the judgment creditors and the officer who levied their executions. *Held*, that it was error to dissolve the injunction and dismiss the suit. Injunction was the proper remedy for the landlord under such circumstances; and the District Court trying the case should have adjusted the rights of the parties, and, as the tenants were also made parties, should have enforced the landlord's lien on such of the property as was found on the rented premises within three months after the expiration of the rental year. (Paschal's Digest, Article 5027; Acts of 1870, p. 103; Mathews *v.* Burke, 32 Texas, 419.)

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

The opinion states the material facts.

*Bowers & Walker*, for the appellant

*F. W. Miner*, for the appellees.

WALKER, J. In this case Miner, one of the defendants in the court below, has briefed the case for himself and R. C. Walker, the constable, whom the appellant sought to enjoin from collecting a judgment due Miner, by execution against property over which the appellant claims a prior lien.

The appellant sued out a distress-warrant against Stewart and Birmingham, two of his tenants, claiming one hundred and thirty-five dollars, rent due him for land leased to them during the year 1870. The warrant was levied on eighty bushels of corn and four hundred pounds of seed cotton, and some other articles of personal property, found on the rented premises.

Prior to the issuing of the distress-warrant, R. C. Walker, a constable, had levied upon the corn and two bales of cotton, two executions, one in favor of Miner, the appellee, the other in favor of Griffith and Spence, and advertised to sell the property.

In order to restrain the sale, Click, the appellant, sued out an injunction, which was afterwards dissolved by the court, and the petition dismissed.

This was an error in the court. Click had a prior lien upon the property found upon the rented premises, and the proceeding by injunction was the proper equitable mode of enforcing his lien as against execution creditors, who are endeavoring to sell the property to satisfy other debts.

The court should have adjusted the rights of the parties under the proceeding by injunction, and established the plaintiff's lien to such of the property in controversy as was found on the premises within three months after the expiration of the rental year. (Article 5027, Paschal's Digest; Mathews v. Burke, 32 Texas, 433.)

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.